UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANNA SENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 24-11333-FDS |
| ) | |
| KPMG LLP, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

**SAYLOR, C.J.**

Plaintiff Anna Sender brought this action against her former employer, KPMG LLP, and two former colleagues, Daniel Lee and Zachary Parkhill. The first amended complaint alleged that Sender experienced gender-based discrimination, a hostile work environment, and retaliation while employed at KPMG.[1]

On August 23, 2024, defendants moved for partial dismissal of the claims. On March 3, 2025, that motion was granted in part and denied in part. Specifically, the Court dismissed the failure-to-promote claims arising out of the events of October 2020; the pay-discrimination claim arising out of the events of October 2020; the retaliation claim; and the breach-of-contract claim.

On March 18, 2025, plaintiff moved for leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2), seeking to add additional factual allegations concerning the dismissed claims. In general, courts "freely give leave [to amend a complaint] when justice so

---

[1] The allegations and procedural background are set forth in more detail in the Court's Memorandum and Order on Defendants' Motion for Partial Dismissal. (ECF No. 23).

requires." Fed. R. Civ. P. 15(a)(2). However, a motion to amend should not be granted when there is "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, plaintiff's motion will be denied for multiple reasons. First, courts strongly disfavor a "wait and see" approach to filing an amended complaint—that is, where a plaintiff delays its decision to seek leave to amend until after the district court rejects its initial complaint. *See ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 57 (1st Cir. 2008); *Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015) ("We wish to discourage this practice of seeking to leave to amend after the case has been dismissed."). Plaintiff had ample time before the Court issued its March 3, 2025 order to seek leave to amend to address the deficiencies highlighted in the motion to dismiss. This is not an instance of plaintiff discovering new information; rather, the proposed amendments contain information that was known to plaintiff for years. Permitting a further amendment after plaintiff has the benefit of reviewing the memorandum and order of dismissal effectively renders that memorandum and order an advisory opinion, if not a complete nullity. At a minimum, that is a grossly inefficient and wasteful use of the Court's limited resources. And it "would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances." *Advest*, 512 F.3d at 57 (quoting *James v. Watt*, 716 F.2d 71, 77-78 (1st Cir. 1983)).

Moreover, and in any event, the proposed amendments would be futile because the corresponding claims, even if amended, would not survive a motion to dismiss. *See Glassman v.*

*Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  For the reasons set forth in defendants' opposition brief, plaintiff's proposed amendments concerning the failure-to-promote and pay-discrimination claims arising out of the events of October 2020 do not change the fact that those claims are time-barred as a matter of law.  As for the retaliation claim, the proposed amendments do not cure plaintiff's deficient filings with the Massachusetts Commission Against Discrimination, rendering her retaliation claim barred for failing to exhaust administrative remedies.

Accordingly, plaintiff's motion to amend the complaint is DENIED.

**So Ordered.**

Dated:  April 11, 2025

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court